UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 10-197-GWU

EUGENE MARCUM, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Eugene Marcum brought this action to obtain judicial review of an unfavorable administrative decision on his applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation process in assessing whether a claimant is disabled.

1. Is the claimant currently engaged in substantial gainful activity? If so, the claimant is not disabled and the claim is denied.

2. If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his physical or mental ability to do basic work activities? If not, a finding of non-disability is made and the claim is denied.

1

3. The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments). If so, disability is conclusively presumed and benefits are awarded.

4. At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work. If so, the claimant is not disabled and the claim is denied. If the plaintiff carries this burden, a prima facie case of disability is established.

5. If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform,

then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental

contaminants . . . rote application of the grid [guidelines] is inappropriate . . . ." <u>Abbott v. Sullivan</u>, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  <u>Id</u>.  In such cases, the agency may be required to consult a vocational specialist. <u>Damron v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Marcum, a 49-year-old man with a "limited" education, suffered from impairments related to coronary artery disease (being status post coronary artery bypass grafting times 4), hypertension, hyperlipidemia, degenerative disc disease, gastroesophageal reflux disease and depression.  (Tr. 13, 19).  While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work.  (Tr. 17-18).  Since the

available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 19-20).  The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 19).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence.  However, the current record does not mandate an immediate award of Social Security benefits. Therefore, the court must grant the plaintiff's summary judgment motion in so far as it seeks a remand of the action for further consideration and deny that of the defendant.

The hypothetical question initially presented to Vocational Expert James Miller included an exertional limitation to light level work, restricted from a full range by such non-exertional restrictions as a need to avoid concentrated exposure to temperature extremes, excessive humidity, and pulmonary irritants such as dust, fumes, gases, and odors.  (Tr. 42).  In response, Miller identified a significant number of jobs which could still be performed including shipping and receiving clerk (85,000 national jobs), hand packager (470,000 national jobs), small parts inspector (100,000 national jobs), and assembler (60,000 national jobs).  (Tr. 42-43).  The ALJ then added a limitation to simple instructions in an object-focused work environment requiring only occasional interaction with other persons.  (Tr. 43).  The

witness testified that the aforementioned job numbers would not be affected by the addition of these limitations. (Id.). The ALJ relied upon this information to support the administrative decision. (Tr. 19).

The hypothetical question did not fairly characterize Marcum's physical condition as required by Varley. In evaluating the plaintiff's physical functional capacity, the ALJ rejected as binding the opinions of Dr. Suresh Rekhraj and Dr. Jackie Maxey, each a treating source. (Tr. 18). Dr. Rekhraj, a cardiac specialist, indicated that the claimant would be restricted to performing sedentary level work reduced from a full range by a limitation to sitting for less than a total of two hours a day, standing or walking for a total of less than two hours a day, an inability to ever bend or twist, and a need to avoid exposure to temperature extremes, high humidity, environmental pollutants, perfumes, cigarette smoke, soldering fluxes, solvents, cleaners and chemicals. (Tr. 725-729). Dr. Maxey, a general practitioner, identified somewhat less severe physical limitations but reported that the plaintiff would be restricted from sitting for more than a total of two hours, standing for more than a total of one hour and walking for more than a total of one hour a day. (Tr. 739). The ALJ noted a number of reasons for rejecting these opinions and, instead, cited the opinions of the non-examining reviewers in support of the denial decision. (Tr. 18).

An ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner clearly states the reasons for their differing opinions.  Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994).  When the examiner is also a treating source, Social Security Ruling 96-6p provides that the non-examiner should have reviewed a complete record which includes the opinion of a specialist in the claimant's particular impairment containing more detailed and comprehensive information than that which was available to the treating sources.  In the present action, Dr. Parandhamulu Saranga saw the record in June of 2007 (Tr. 630) and Dr. Allen Dawson saw it in November of 2007 (Tr. 704).  Neither reviewer had the opportunity to see and comment upon the opinions of Dr. Rekhraj, who issued his opinion in February of 2008 (Tr. 730), and Dr. Maxey, who issued his opinion in March of 2008 (Tr. 739).  The ALJ should at least have sought the advice of a medical advisor who had reviewed the complete record.  Therefore, a remand of the action for further consideration is required.

The court notes that each medical reviewer indicated that Marcum could perform light level work, restricted from the full range by an inability to more than occasionally climb ladders, ropes and scaffolds and a need to avoid concentrated exposure to temperature extremes.  (Tr. 623-630, 697-704).  However, the ALJ omitted the climbing limitation.  Therefore, the ALJ's findings were also not consistent with the opinions of the medical reviewers.

Marcum also argues that his medical problems would prevent him from maintaining employment and, so, he could not meet the duration requirements for substantial gainful activity. The plaintiff cites the Ninth Circuit Court of Appeals case of <u>Gatliff v. Commissioner of Social Security</u>, 172 F.3d 690 (9th Cir. 1999). However, in <u>Gatliff</u>, the record contained considerable evidence that the claimant would not be able to maintain employment more than a couple of months and the ALJ had even acknowledged this fact. <u>Gatliff</u>, 172 F.3d at 692. In the present action, Marcum has not identified similar evidence suggesting that he would not be able to maintain employment. Therefore, the court must reject the plaintiff's argument.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 25th day of May, 2011.

Signed By:

<u>G. Wix Unthank</u>

**United States Senior Judge**